Paul H. Tocker, Esq. Informal Opinion Deputy Corporation Counsel No. 95-13 City of Schenectady City Hall, Rm. 201 Schenectady, N Y 12305-1938
Dear Mr. Tocker:
You have asked whether provisions of the Schenectady City Code, subjecting the appointment by the mayor of members of the city planning commission to confirmation by the city council, is consistent with provisions of State law.
You have indicated that under the City Code appointments to the planning commission are required to conform with section 234 of the General Municipal Law and section 27 of the General City Law. Under section 234, an ordinance or resolution creating a city planning commission
 shall specify the public officer or body of said municipality that shall appoint such commissioners.
In our view, this language is simply a requirement that the method of appointment be included in the resolution or ordinance. The logical alternatives are appointment by an officer or board, thus their inclusion in the statute. By its terms, section 234 does not prohibit an appointment subject to confirmation. In any event, when an appointment is made by an executive and ratified by the legislative body, the appointment is considered to be made by the executive. See, 1974 Op Atty Gen (Inf) 204; Op Atty Gen (Inf) No. 90-70.
Under section 27(1) of the General City Law,
 [m]embers and the chairperson of such planning board shall be appointed by the mayor or other duly authorized appointing authority.
The authorization for appointment by another appointing authority would permit an appointment by the mayor subject to ratification by the legislative body. Further, as mentioned above, an appointment by an executive with ratification by the legislative body is considered to be an appointment by the executive.
You have also suggested that this appointment method violates section11(2)(a) of the Municipal Home Rule Law, which establishes restrictions on the adoption of local laws. Under that provision, a city may not adopt a local law which amends the charter of the city "contrary to any provision of such charter
regulating its own amendment". You have not indicated that the procedure by which the current method for appointing planning commission members was added to the charter was inconsistent with provisions of the charter governing its amendment.
We conclude that the appointment by the mayor of the City of Schenectady of members of the planning commission subject to confirmation by the city council is not inconsistent with provisions of State law.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE
Assistant Attorney General in Charge of Opinions